IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| PATRICIA BURTON, | ) |
| Movant, | ) |
| v. | ) CIVIL ACTION NO. 2:16-04108 |
| | ) (Criminal No. 2:05-00155) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 114, 124, and 125); and (2) Movant's Motion "Seeking a Sentence Reduction Based on Johnson v. United States and Pursuant to 28 U.S.C. § 2255" (Document No. 117).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 115.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A        Criminal Action No. 2:05-00155:

On December 8, 2005, Movant pled guilty to one count of Conspiracy to Distribute Cocaine in violation of 21 U.S.C. § 846 (Count One); and one count of Aiding and Abetting the Use of a Firearm to Commit Murder During a Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), and 2 (Count Two). (Criminal Action No. 2:05-00155, Document No.

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

33 - 35.) A Presentence Investigation Report was prepared. (Id., Document No. 81.) As to Count One, the District Court determined that Movant had a Base Offense Level of 28, and a Total Offense Level of 27, the Court having applied a two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., p. 12.) As to Count Two, the District Court determined that Movant had a Base Offense Level of 42, and a Total Offense Level of 27, the Court having applied a two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). (Id., p. 13.) The District Court sentenced Movant on July 22, 2010, to serve a total term of 30 years consisting of "a 20-year term on Count One and a consecutive 10-year term on Count Two." (Id., Document Nos. 78 and 79.) The District Court stated that it was "the intention of the Court to impose a sentence of 30 years imprisonment however it may be calculated as between Counts One and Two." (Id.) The District Court further imposed a total term of five years supervised release, a $200 special assessment, and restitution in the amount of $1,250. (Id.)

On April 20, 2011, Movant filed a Notice of Appeal. (Id., Document No. 86.) Subsequently, the United States filed a motion to dismiss the appeal as untimely. On August 23, 2011, the Fourth Circuit Court of Appeals granted the United States' motion and dismissed Movant's appeal as untimely. (Id., Document Nos. 100 and 101.)

**B.      First Section 2255 Motion:**

On the same day as filing her Notice of Appeal, Movant filed her first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 2:11-0264, Document No. 87.) As grounds for *habeas* relief, Movant argued that her

sentences should have been run concurrent instead of consecutive. (Id.) By Order entered on June 1, 2011, United States Magistrate Judge Mary E. Stanley directed that Movant's Section 2255 action be stayed pending resolution of her direct appeal. (Id., Document No. 97.) By Proposed Findings and Recommendation entered on October 18, 2011, Judge Stanley recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 107.) By Memorandum Opinion and Judgment Order entered on September 16, 2010, United States District Judge John T. Copenhaver, Jr. adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 108 and 109.)

**C.     Section 3582 Motions:**

On November 17, 2014, and March 9, 2015, Movant, acting *pro se*, filed Motions for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that she was entitled to a sentence reduction based upon the reduction in Sentencing Guidelines. (Criminal Action No. 2:05-00155, Document No. 110 and 111.) By Order filed on April 29, 2016, the District Court denied Movant's Section 3582(c)(2) Motions. (Id., Document No. 113.)

**D.     Second Section 2255 Motion:**

On May 2, 2016, Movant, acting *pro se*, filed a Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 2:16-04108, Document No. 114) Citing Johnson and Welch, Movant challenges the validity of her conviction for Aiding and Abetting the Use of a Firearm to Commit Murder During a Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). (Id.) Accordingly, Movant contends that she is entitled to *habeas* relief under Section 2255. (Id.)

By Order entered on June 15, 2016, the Office of the Federal Public Defender was

appointed to represent the Movant, pursuant to 18 U.S.C. § 3006A, "for the purpose of determining eligibility for relief under Johnson." (Id., Document No. 119.) On June 17, 2016, Federal Public Defender Christian M. Capece filed a Motion to Withdraw as Counsel. (Id., Document No. 121.) In support, Mr. Capece states that he has determined that Movant does not have any potentially meritorious claim based on Johnson after reviewing her "Presentence Investigation Report and other relevant case documents." (Id.) By Order entered on June 22, 2016, the District Court granted Mr. Capece's Motion to Withdraw. (Id., Document No. 123.)

On August 1, 2016, Movant filed an Addendum and Supplemental Brief to her Section 2255 Motion. (Document Nos. 124 and 125.) Movant requests that the Court "apply the minor role adjustment and sentence reduction based on United States v. Quintero-Leyva, 2016 WL 2865713 (9th Cir. 2016) and pursuant to the clarifying amendment 794."[2] (Id.) Movant explains that the Ninth Circuit determined that "Amendment 794 is a 'clarifying amendment' which

---

[2] On November 1, 2015, the United States Sentencing Commission issued Amendment 794 to the commentary of U.S.S.G. § 3B1.2 after finding that minor role reductions were "applied inconsistently and more sparingly than the Commission intended." In *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the Ninth Circuit held that Amendment 794 was a "clarifying amendment" to the U.S.S.G. that applied retroactively to direct appeals. Thus, Amendment 794 did not change the substantive law, but merely clarified the factors to be considered for a minor role adjustment. Furthermore, it is important to note that Amendment 794 was made retroactive by the Commission - - not the United States Supreme Court. Thus, a Section 2255 Motion is not the appropriate vehicle for a defendant to seek a sentencing reduction based on a retroactive amendment to the Sentencing Guidelines. *See United States v. Jones*, 143 Fed.Appx, 526, 527 (4th Cir. 2005)(finding that the district court erred in construing petitioner's Section 3582(c) Motion requesting retroactive application of an amendment to the U.S.S.G. as a Section 2255 Motion). To the extent Movant is requesting relief under Section 3582(c), the undersigned will briefly consider the claim. A sentence reduction under Section 3582(c)(2) is authorized only when a retroactively applicable Guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Commission, however, did not make Amendment 794 retroactive to cases on collateral review. *See* U.S.S.G. § 1B1.10(d)(2015)(listing retroactive guideline amendments). Therefore, any request for a reduction under Section 3582(c) would be without merit. *See United*

automatically makes the amendment retroactive." (Id.) Movant states that she is entitled to "eligibility because no relief based on the clarifying amendment was available until the amendment became effective on November 1, 2015." (Id.) Movant states that her above request is timely because it "is being filed prior to November 1, 2016." (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

---

States v. Hunley, 2016 WL 4523417 (W.D.Va. Aug. 26, 2016).

5

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion

actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, she must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). The record clearly reveals that Movant has not obtained authorization to file a successive Section 2255 Motion from the Fourth Circuit. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 796, 166 L.Ed.2d 628 (2007)(holding that failure of a petitioner to obtain authorization of file a successive petition deprives the district court of jurisdiction); also see McNeil v. United States, 2016 WL 4660993 (E.D.N.C. Sept. 6, 2016)(dismissing movant's Section 2255 motion as successive where the Fourth Circuit denied movant's request for authorization to file a successive motion based on *Johnson*); Leite v. United States, 2016 WL 4060509 (W.D.N.C. July 26, 2016)(same); United States v. Gadsen, 2016 WL 3902832 (D.S.C. July 19, 2016)(same).

      The undersigned declines to construe and transfer Movant's Section 2255 Motion as a Request for Authorization to File a Successive Motion to the Fourth Circuit Court of Appeals because Johnson is inapplicable to the circumstances of Movant's case. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the

[ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) prohibits the possession of a firearm in furtherance of a "crime of violence" *or* a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924(c)(3)(B)(emphasis added). The italicized portion above is known "residual clause" of Section 924(c)(3). In contrast, the ACCA's "residual clause" defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk

8

of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Based upon the similarity of the definitions of "crime of violence" in Section 924(c)(3)(B) and the ACCA's "residual clause," Movant appears to argue that Section 924(c)(3) is unconstitutionally vague. The undersigned, however, finds it unnecessary to address the foregoing. Movant was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a *drug crime*. See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016)(declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). Neither Movant's conviction nor sentence rests upon Section 924(c)'s definition of a "crime of violence." Thus, Johnson is inapplicable to the circumstances of Movant's case.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 114, 124, 125) and Movant's Motion "Seeking a Sentence Reduction Based on Johnson v. United States and Pursuant to 28 U.S.C. § 2255" (Document No. 117), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant

shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: February 21, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge